## GEORGE PARSONS *v.* ALANSON J. SHOREY.

A writ, which has been served by attaching the defendant's real estate, though no service was made on the defendant, cannot be used to commence a new action of later date between the same parties.

ASSUMPSIT. The writ purported to be dated Sept. 14, 1858, and to have been served by attaching defendant's real estate, January 14, 1869, and by service on defendant, January 16, 1869. The defendant seasonably at the first term moved to quash the writ, on the ground and for the reason, that an action had been commenced on this case on the first day of September, A. D., 1868, and that the same blank writ had then been used between the same parties, and the officer had attached the same real estate of the defendant on said first day of September, and that the same original writ was subsequently altered by inserting the aforesaid date of September 4, instead of September 1.

There was no service on the defendant upon the writ dated September 1, in either case.

The defendant alleged that the last officer's return was made upon a piece of paper which was pasted upon the officer's return as first made upon the original writ.

The court overruled the motion to quash in each case, to which the defendant excepted.

All questions within the discretion of the court at the trial term were reserved for the law term.

*Dudley & Parsons*, and *Aldrich*, for defendant.

SMITH, J., An inspection of the writ and return sustains the allegations of the defendant. *Gardner* v. *Webber*, 16 Pick. 251, and *Parkman* v. *Crosby*, 16 Pick. 297, are decisions favorable to the plaintiff, but they are based in some degree upon the long established course of practice in Massachusetts, and are not entitled to deserve weight here where no such practice has existed. Upon examining *Gardner* v. *Webber*, it will be found that upon another point than the one here in controversy it is directly opposed by a later decision in this State; see *Eastman* v. *Morrison*, 46 N. H. 136. We think that in this State a writ which has been used to make an attachment of real estate must be regarded as having been so far "served" that it cannot be used again for a new action between the same parties. The writ in such case has been used to the plaintiff's advantage and, perhaps to the defendant's detriment. The decisions in this State (6 N. H. 44; 15 N. H. 29, p. 37; 46 N. H. 136), may be somewhat strict, but they are founded on a laudable desire to prohibit any practice which would " tend to give to the process and files of the court an unseemly and slovenly appearance," or to deprive the clerks of their legal fees; and it does not seem advisable to depart from the principles already established. In accordance with the spirit of those decisions, though without imputing any intentional wrong to the plaintiff's counsel, the exception must be sustained, and the

*Motion to quash granted.*